Date signed April 08, 2016



**JAMES F. SCHNEIDER**
**U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | * | |
| RANDAL I. VOLTIN, | * | Case No. 15-19852-JS |
| Debtor in Possession | * | Chapter 11 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| RANDAL I. VOLTIN, | * | |
| Plaintiff | * | |
| v. | | |
| | * | Adversary No. 15-00416-JS |
| GREEN-GIFFORD REAL ESTATE HOLDING, INC., | * | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### *MEMORANDUM OPINION DENYING MOTION TO DISMISS*

Before the Court is the motion to dismiss Counts I, II, III and V of the instant

complaint filed by the defendant.  For the reasons set forth, the motion will be denied.

**THE FOLLOWING IS A SUMMARY OF THE FACTUAL ALLEGATIONS IN THE COMPLAINT AND INFERRED FROM CERTAIN EXHIBITS**.

1.  On July 14, 2015, Randal I. Voltin ("Voltin" or "plaintiff"), filed a Chapter 11 bankruptcy petition in this Court.

2.  Voltin had been employed as secretary-treasurer for Green-Gifford Real Estate Holding, Inc. ("defendant"), until April 2013, when he resigned.

3.  During his employment, Voltin became a shareholder of the defendant pursuant to an agreement identified as the Green-Gifford Real Estate Company Shareholders Agreement ("Agreement"), dated January 1, 2005. Voltin owns 19.1% of the total shares of defendant's stock. The remainder of the total shares are owned by Michael Galloway ("Galloway").

4.  The Agreement provides in Section 2(d) that upon termination of employment, Voltin's shares were to be sold to the defendant at the "Purchase Price" to be determined as specified in the Agreement.[1]

---

[1] The Agreement provides in relevant part:

2. <u>Offer of Shares</u>.

d. <u>Other Termination of Employment</u>.  In the event a Minority Shareholder's employment with Company terminates for any reason other than death, the Minority Shareholder shall offer his Shares to Company and Company shall purchase such Shares at the Purchase Price and on the payment terms set forth in this Agreement. The offer shall be deemed made and accepted on the date the employment terminates, whether actually made and accepted or not.

5.  Voltin and the defendant did not agree upon the amount of the purchase price, whereupon defendant unilaterally conducted a sale of his shares.  In January 2015, defendant issued a notice to Voltin that the defendant had purchased his shares and had applied the purchase price against the defendant's claims against Voltin for allegedly stealing from the company.

6.  Voltin alleged that he incurred damages as a result of defendant's conduct in purporting to sell and purchase the shares.

## CONCLUSIONS OF LAW

### I. SUBJECT MATTER JURISDICTION AND VENUE

1.  This bankruptcy court has subject matter jurisdiction over the instant adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper

---

4. <u>Purchase Price</u>. The "Purchase Price" shall equal the fair market value of the offered Shares. The Purchase Price shall be the amount agreed upon between the buyer and the seller. If they are unable to agree, the Purchase Price shall equal the fair market value of the Company ("FMV") as determined by a qualified appraiser mutually selected by the buyer and the seller, multiplied by the number of Shares being sold and divided by the total issued and outstanding Shares. If the buyer and seller are unable to jointly select an appraiser within thirty (30) days after failing to reach agreement on the Purchase Price, each of buyer and seller may separately select a qualified appraiser. The combined average of the fair market values determined by these appraisers shall be the FMV. Company shall pay for the appraiser if buyer and seller jointly select one appraiser. Buyer and seller shall each pay their own appraiser if they are unable to jointly select one appraiser, in any appraisal, it shall be appropriate to consider the "minority discount."

pursuant to 28 U.S.C. §1409. This complaint is a core proceeding pursuant to 28 U.S.C. § 157(b).

## II.  THE MOTION TO DISMISS

2.  Pursuant to the Agreement, Virginia law governs the analysis of Counts I, III, and V.[2]

### A.  COUNT I - BREACH OF CONTRACT

3.   The essential elements of a cause of action for breach of contract under Virginia law are: (1) "a legal obligation of a defendant to the plaintiff," (2) "a violation or breach of that right or duty," and (3) "a consequential injury or damage to the plaintiff." *Westminster Investing Corp. V. Lamps Unlimited, Inc*., 237 Va. 543, 546, 379 S.E.2d 316, 317 (1989) *(*quoting *Caudill v. Wise Rambler*, 210 Va. 11, 13, 168 S.E.2d 257, 259 (1969)).  Defendant argues that plaintiff has failed to adequately plead the second  requirement  enumerated in *Westminster Investing*.

4.  Defendant argues that the plaintiff failed to explain how the Agreement was breached, what the defendant did or did not do, and what portion of Section 4(a) of the Agreement was violated.  Defendant's Memorandum [P. 5].  However, the defendant acknowledges that the plaintiff did allege that the defendant failed to

---

3Section 12(e) of the Agreement provides:

**THIS AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE COMMONWEALTH OF VIRGINIA.**

4

comply with the terms of the Agreement setting the purchase price. Plaintiff stated which provisions of the shareholders agreement he believes defendant violated. Count I, ¶ 4. Therefore, the complaint contains an allegation, sufficient to withstand the motion to dismiss, that the purchase of the shares violated the express terms of the Agreement.

5. A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929, 949 (2007); *see* Federal Rule of Civil Procedure 12(b)(6) (stating that a complaint must be dismissed if it fails to state a claim upon which relief can be granted.). "Facial plausibility" exists when the well pleaded facts allow the court to draw a "reasonable inference" that the elements of the claim have been satisfied and the "defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868, 884 (2009).

6. To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint does not need "detailed factual allegations;" however, it must provide the grounds which entitle the plaintiff to relief, and "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed.2d 929,

940 (2007). When considering a motion to dismiss, the Court must accept as true all well-pleaded allegations contained in the complain and construe them in a light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

7. At this point in the litigation, the plaintiff is not required to prove his claim; he must plead only enough facts to enable the Court to be able to "draw a 'reasonable inference' that the elements of the claim have been satisfied[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868, 884 (2009). Plaintiff has met his burden regarding Count I.

## B.  COUNT II - FRAUDULENT TRANSFER

8. To be avoidable pursuant to 11 U.S.C. § 548(a)(1)(B), a transfer must have been made on or within two years before the date of the filing of the petition.

9. The complaint alleged that in January 2015, the defendant issued a notice advising the plaintiff that his shares had been purchased by the defendant and that the payment had been applied to defendant's claim against the plaintiff. Complaint, ¶ 11. The Court may reasonably infer from this statement that the transfer occurred either in January 2015, or shortly before. Both inferences indicate that the transfer occurred well within the two year period.

10. "To the extent that the motion to dismiss contests the date of the transfer, it must fail." *Liebmann v. French ( In re French)*, 303 B.R. 774, 777 (Bankr. D. Md.

2003) (because the complaint alleged a transfer date within the period prescribed by 11 U.S.C. § 548, the motion to dismiss must be denied despite defendant's allegations to the contrary).

## C. COUNT III - UNJUST ENRICHMENT

11.  Defendant disputes the validity of Count III on the sole ground that a claim for unjust enrichment will not lie where there is an express contract, pursuant to Virginia law.  *See Southern Biscuit Co. v. Lloyd*, 174 Va. 299, 311, 6 S.E.2d 601, 606 (Va. 1940) (Virginia does not recognize a cause of action for unjust enrichment in the face of an express contract between the parties).

12.  "The elements of unjust enrichment are (1) the plaintiff's conferring of a benefit on the defendant, (2) the defendant's knowledge of the conferring of the benefit, and (3) the defendant's acceptance or retention of the benefit under circumstances that 'render it inequitable for the defendant to retain the benefit without paying for its value.'"[3] *Microstrategy, Inc. v. Netsolve, Inc.*, 368 F. Supp.2d 533, 537

---

[3]Count III alleges that (1) the plaintiff was previously employed by defendant; (2) during the course of his employment, plaintiff came to own 19.1% of the shares of the defendant; (3) Galloway owns the remainder of the shares; (4) plaintiff's employment with defendant ceased during April 2013; (5) defendant unilaterally conducted the sale and claims to have purchased plaintiff's shares and applied the purchase price to defendant's claim against plaintiff, which conferred significant benefits on the defendant; (6) defendant had knowledge of the benefits conferred pursuant to the taking of the shares; and (7) the defendant retained the benefits without payment of the value of the shares.  Complaint ¶¶ 1-4, 6, 7, 30-36.

(E.D. Va. 2005) (quoting *Nossen v. Hoy*, 750 F. Supp. 740, 744-45 (E.D. Va. 1990);

*Schmidt v. Household Finance Corp., II*, 276 Va. 108, 116, 661 S.E.2d 834, 838

(2008); *Firestone v. Wiley*, 485 F. Supp.2d 694, 704 (E.D. Va.

13. Federal Rule of Civil Procedure 8(d)(2) provides the authority to plead in

the alternative and states in relevant part that "[a] party may set out two or more

statements of a claim or defense alternatively or hypothetically, either in a single

count of defense or in separate ones." *Id.* The Fourth Circuit has cited with approval

a Ninth Circuit Court of Appeals opinion which holds that "a policy which permits

one claim to be invoked as an admission against an alternative or inconsistent claim

would significantly restrict, if not eliminate, the freedom to plead inconsistent

claims[.]" *Zee Co., Inc. v. Williams, Mullen, Clark & Dobbins, P.C.*, 547 Fed. Appx.

166, 168 n. 3 (4th Cir. 2013) (quoting *Molsbergen v. United States*, 757 F.2d 1016,

1019 (9th Cir. 1985)). *Molsbergen* explained that courts "have been reluctant to

permit one pleading to be read as a judicial or evidentiary admission against an

alternative or inconsistent pleading." *Molsbergen*, 757 F.2d at 1019.

14. This Court is similarly reluctant to disregard the provisions of Rule 8(d)(2).

For this reason, Count III withstands the motion to dismiss, where plaintiff pled

affirmatively the elements of a claim for unjust enrichment under Virginia law and

did not allege the existence of a contract.

### D.  COUNT V - ACCOUNTING

15.   Defendant argues that Count V should be dismissed because (1) the plaintiff failed to identify any statutory or contractual right to an accounting; (2) a shareholder is not entitled to ownership of shares to revenue earned by the company; and (3) the statute of limitations has run for any accounting.

16.  Pursuant to Virginia law, "[a]n accounting in equity may be had against any fiduciary or by one joint tenant, tenant in common, or coparcener for receiving more than comes to his just share or proportion, or against the personal representative of any such party."  Va. Code Ann. § 8.01-31.

17.   The plaintiff need not be entitled to revenue earned by the company in order to be entitled to an accounting pursuant to Virginia law.  This Court agrees with the plaintiff's argument that an accounting may be necessary to determine the value of the defendant.

18.  Defendant alludes to a two-year statute of limitations on any possible claim for an accounting, pursuant to Va. Code § 8.01-248.  Plaintiff argues alternatively, that the timing of an action for an accounting is governed by laches.  The Court need not decide this issue because, as explained previously, to the extent an issue of fact exists regarding the timing of any events at issue, at the stage of the filing of a motion to

dismiss, all inferences are to be drawn in favor of the plaintiff. *Ibarra* and *Liebmann*, *supra*.

WHEREFORE, the motion to dismiss will be **DENIED**.

**ORDER ACCORDINGLY.**


cc:    Randal I. Voltin
       7789 Arundel Mills Boulevard, Apt. 144
       Hanover, Maryland  21076

       Christopher Hamlin, Esquire
       6411 Ivy Lane,  Suite 200
       Greenbelt, Maryland  20770

       Nicole A. Williams, Esquire
       Rees Boome, PC
       7101 Wisconsin Avenue , #1201
       Bethesda, Maryland  20814